**In re HOMESTORE.COM, INC. SECURITIES LITIGATION**

**No. C01–11115 MJP(CWX).**

United States District Court, C.D. California.

May 27, 2004.

Bruce L. Simon, Joseph W. Cotchett, Peter E. Borkon, Mark Cotton Molumphy, Steven N. Williams, Cotchett Pitre Simon & McCarthy, Burlingame, CA, Clifford H. Pearson, Gary S. Soter, Wasserman Comden Casselman & Pearson, Tarzana, CA, Jeffrey H. Dasteel, Katherine M. Pratt, Skadden Arps Slate Meagher & Flom, Los Angeles, CA, Tracey L. Worthington, Bernstein Litowitz Berger & Grossmann, San Diego, CA, for Plaintiffs.

Seth A. Aronson, Sharon Louise Tomkins, O'Melveny & Myers, Los Angeles, CA, Howard M. Privette, Morgan J. Miller, Paul Hastings Janofsky & Walker, Marc A. Fenster, Russ August & Kabat, Daniel S. Floyd, Dean J. Kitchens, Lynn M. Dean, Mark Mermelstein, Richard J. Doren, Sogol K. Pirnazar, Ted Allan Gehring, Wendy L. Wallace, Gibson Dunn & Crutcher, Jan L. Handzlik, Howrey Simon Arnold and White, John B. Quinn, Thad Alan Davis, Quinn Emanuel Urquhart Oliver & Hedges, Stuart A. Shanus, Reed Smith Crosby & Heafey, Richard R. Mainland, Fulbright & Jaworski, Bernard C. Barmann, Jr., Ralph F. Hirschmann Law Offices, Torgny R. Nilsson, Thelen Reid & Priest, Yolanda Orozco, Liner Yankelevitz Sunshine and Regenstreff, Belinda S. Lee, Latham & Watkins, Los Angeles, CA, John William Davis, John W. Davis Law Offices, Kathleen T. Dyer, Nanci L. Clarence, Clarence Snell & Dyer, San Francisco, CA, Ana C. Reyes, F. Whitten Peters, George Borden, Ryan T. Scarborough, Williams & Connolly, Tanya Chutkan, William A. Isaacson, Boies Schiller & Flexner, Carl S. Kravitz, Graeme W. Bush, Kristen Flynn, Roger C. Spaeder, Zuckerman Spaeder, Everett C. Johnson, Jr., Latham & Watkins, Washington, DC, Samuel Kader, Stephen P. Warren, Skadden Arps Slate Meagher & Flom, Marc J. Ross, Richard J. Babnick, Jr., Sichenzia Ross Friedman Ference, New York City, Pamela J. Naughton, Sheppard Mullin Richter & Hampton, San Diego, CA, Alison T. Shaw, Thomas O. Helton, Baker Donelson Bearman & Caldwell, Chattanooga, TN, William D. Naeve, Cotkin Collins & Ginsburg, Santa Ana, CA, Pallavi Wahi, Phillip H. Ginsberg, Stokes Lawrence, Seattle, WA, Douglas J. Clark, Kent Wycliffe Easter, Wilson Sonsini Goodrich & Rosati, Krista J. Martinelli, Walter Jesse Robin-

son, III, Pillsbury Winthrop, Palo Alto, CA, Charles L. Zetterberg, Buxbaum & Chakmak, Claremont, CA, J. Thomas Richardson, Maureen D. Burke, Whitney H. Leibow, Cairncross & Hempelmann, Seattle, WA, Eric William Benisek, Richard C. Vasquez, Tatia M. Lira, Morgan Miller & Blair, Walnut Creek, CA, Mary T. Huser, Bingham McCutchen, East Palo Alto, CA, David W. Shapiro, Boies Schiller & Flexner, Oakland, CA, Jodi M. Newberry, Paul D. Murphy, Murphy Rosen and Cohen, Santa Monica, CA, J. Christian Word, Latham & Watkins, Reston, VA, Edward S. Nathan, Herbert J. Stern, Jeffrey Speiser, Stern & Greenberg, Roseland, NJ, for Defendants.

Peter B. Tafeen, Kirkland, FL, pro se.

Steven F. Helfand, San Francisco, CA, pro se.

Nicholas Koluncich III, Nicholas Koluncich III Law Offices, Albuquerque, NM, Laurie A. Traktman, Gilbert & Sackman, Los Angeles, CA, for Movant.

Michael R. Wilner, Office of US Attorney Criminal Div, Los Angeles, CA, for Intervenor.

## ORDER CLARIFYING PRIOR ORDER OF MAY 11, 2004

PECHMAN, District Judge.

This matter comes before the Court on Defendant PricewaterhouseCoopers LLP's ("PwC") motion for clarification of the Court's May 11, 2004, order on scienter, pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule (WAWD) CR 7(h). Specifically, PwC seeks an order modifying the Court's prior order to include a determination that PwC did not "knowingly" commit securities violations, effectively entering summary judgment as to PwC's potential joint and several liability under 15 U.S.C. § 78u–4(f)(2)(A) (2004). That statutory provision allows a defendant to be held jointly and severally liable only if the trier of fact specifically determines a defendant to have *"knowingly* committed a violation of the securities laws." (*Id.*). PwC argues that the Court implicitly held that no issue of fact exists as to this higher level of scienter when it held that "[w]hether PwC's failure to uncover the true nature of these transactions sooner was excusable, negligent, or reckless, is a determination to be made by the trier of fact." (May 11, 2004, Order at 21).

Having considered PwC's motion for clarification, and having determined that no response from opposing counsel would be needed, the Court hereby clarifies its prior order as follows. The issue now raised by PwC was not one that was briefed by the parties or argued at oral argument. The briefing makes no explicit reference to the proportionate liability provision at 15 U.S.C. § 78u–4(f)(2). The issue of whether the evidence presented would support a finding that PwC "knowingly" committed securities violations was not considered by the Court. Because the Court was not presented with this alternative argument in the briefing and argument, it cannot grant PwC's requested relief now. PwC's current motion is essentially a new motion for partial summary judgment, the filing deadline for which has long since passed. Therefore, the Court clarifies its prior order by stating that the Court's order should not be read to bar presentation of evidence or argument that PwC committed knowing violations of the securities laws. This issue was simply not raised in a timely fashion and was not decided, implicitly or explicitly, by the Court in its prior order.

To the extent that PwC requests an order granting summary judgment under 15 U.S.C. § 78u–4(f)(2)(A), that motion is DENIED.

The Clerk is directed to send a copy of this order to all counsel of record.